IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02429-BNB

CLIFFORD N. WOODS,

    Plaintiff,

v.

EL PASO COUNTY DISTRICT COURT,
JUDGE DAVID S. PRINCE,
HEIDI BAUER, District Attorney,
VELLAR, District Attorney,
LLOYD AARON, Police Officer,
RONNIE CARTER, Police Officer,
MILLER ERIC, Police Officer, and
CYNTHIA McKEDY, Attorney,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 18 2008

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Plaintiff Clifford N. Woods is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Woods is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Woods sets forth three claims. In Claim One, he asserts that he was falsely arrested, and in Claim Two he asserts his constitutional rights were violated. In Claim Three, he appears to assert that a judge is not immune from a suit for injunctive relief. In support of these claims, Mr. Woods contends that on January 12, 2007, he was arrested without cause and was charged and convicted of crimes he did not commit. Mr. Woods seeks injunctive relief and money damages. He also appears to assert his sentence should be discharged.

To the extent that Plaintiff is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **see Preiser v. Rodriguez**, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, **see** 28 U.S.C. § 2254(b)(1).

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. **Id.** at 486-87.

A false arrest claim generally does not implicate **Heck** because improprieties in an arrest typically do not undermine the validity of an ensuing conviction. **Beck v. City**

*of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999). However, where an arrestee, like Mr. Woods, was convicted of the crime for which he was arrested, and he has failed to prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid or otherwise called into question by some other tribunal, also like Mr. Woods, he is not able to maintain a § 1983 action. A judgment, therefore, in favor of Mr. Woods, in this action, necessarily would imply the invalidity of his state court criminal proceedings and is barred by *Heck*.

Plaintiff's claims also suffer from other deficiencies. Defendant Judge David S. Prince is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Prince's sentencing of Plaintiff is an action taken in his judicial capacity, and he was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Prince are barred by absolute judicial immunity.

Defendants Heidi Bauer and Vellar are district attorneys. With respect to the prosecutorial activities in which Defendants Bauer and Vellar were involved in Plaintiff's state criminal case, they enjoy immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Woods' allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom.*

3

*Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Bauer and Vellar are inappropriate parties to this action based on absolute immunity.

As for Defendant Cynthia McKedy, whether she is a private attorney or a public defender who represented Applicant, she is not a state actor under § 1983 and is not a proper party to this action. **Polk County v. Dodson**, 454 U.S. 312, 318 and 325 (1981).

Furthermore, the El Paso County District Court is protected by Eleventh Amendment immunity and, therefore, also is immune from suits for money damages and declaratory relief. See **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

Nonetheless, Plaintiff's claims for damages are barred by *Heck* and will be dismissed without prejudice under **Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 17 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02429-BNB

Clifford N. Woods
Prisoner No. 81438
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk